**UNITED STATES of America, Appellee,**

v.

**Gerald George WEIR, Appellant.**

No. 84–1493.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1984.

Decided Nov. 12, 1984.

Mark S. Pennington, Des Moines, Iowa, for appellant.

Joseph S. Beck, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before HENLEY, Senior Circuit Judge, and ARNOLD and FAGG, Circuit Judges.

PER CURIAM.

Gerald George Weir appeals from his conviction for possession of a firearm in violation of 18 U.S.C.App. § 1202(a)(1), arguing that the district court committed error in refusing to suppress evidence seized during an illegal investigatory stop. We affirm.

Des Moines Police Officer Michael Woolman received a report from a Des Moines Police Department dispatcher that two males had pointed a gun at a gas station attendant in Clive, Iowa. The men were reportedly riding in a silver Pontiac Trans Am, with a "possible" license plate of HQH 153. Approximately ten minutes after receiving the report, Woolman observed two males in a silver automobile, which he believed was a Trans Am. Without making his presence known, Woolman followed the car until it stopped at a convenience store. Woolman parked behind the silver automobile and radioed the dispatcher that he was stopping two males in a silver Trans Am, but that the license number was HQH 136 rather than HQH 153. Weir, the driver of the silver car, got out and approached Woolman's patrol car. Woolman asked Weir for his driver's license and explained to him that two men in a car matching the description of Weir's car had pointed a gun at a gas station attendant in Clive. Woolman testified that he asked for, and was given, permission to search Weir's car. Another officer searched the car and discovered two revolvers, two ski masks, and a programmable police scanner.

■ Weir argues that Officer Woolman did not have sufficient information to justify stopping Weir and thus the ensuing search was unlawful under the fourth amendment. We reject Weir's argument because there was no detention. Officer Woolman did not intercept Weir. He simply followed Weir to a convenience store where Weir had decided to stop. Once Weir noticed Woolman parked behind his car, Weir initiated the contact by approaching Woolman's patrol car. Based on the district court's finding that Weir consented to the search, we affirm the denial of Weir's motion to suppress.

■ Consent is a question of fact that must be determined from the totality of circumstances. *Schneckloth v. Bustamonte,* 412 U.S. 218, 227, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973); *United States v. Mathews,* 603 F.2d 48, 51–52 (8th Cir. 1979), *cert. denied,* 444 U.S. 1019, 100 S.Ct. 674, 62 L.Ed.2d 650 (1980). Findings of fact on a motion to suppress will not be set aside unless clearly erroneous. *United States v. Bruton,* 647 F.2d 818, 822 (8th Cir.), *cert. denied,* 454 U.S. 868, 102 S.Ct. 333, 70 L.Ed.2d 170 (1981). Finally, in reviewing the denial of a motion to suppress, we must view the evidence in the light most favorable to the government. *United States v. Clark,* 743 F.2d 1255, 1257 (8th Cir.1984).

Weir claims that he never gave consent to a search. Officer Woolman, on the other hand, testified that Weir freely consented to a search of the automobile. The district court chose to believe Woolman. Considering all the circumstances, we cannot say the district court's finding that Weir gave valid consent was clearly erroneous.

Accordingly, the judgment of the district court is affirmed.