Kenneth Anthony SHELBY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–93–00934–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 17, 1994.

Discretionary Review Refused
Feb. 22, 1995 (Appellant).

Discretionary Review Refused
Feb. 22, 1995 (State).

Ernest O. Hopmann, III, Houston, for appellant.

John B. Holmes, Jr., Alan Curry, Stephen St. Martin, Houston, for appellee.

Before ANDELL, HUTSON–DUNN and PRICE [1], JJ.

## OPINION

HUTSON–DUNN, Justice.

Appellant, Kenneth Shelby, was indicted for the felony offense of possession of cocaine in an amount less than 28 grams. After the trial court denied appellant's pretrial motion to suppress, appellant pled "no contest" to the charged offense and "true" to an allega-

tion in the enhancement paragraph of the indictment. The court found appellant guilty and assessed punishment at 20–years imprisonment in accordance with the plea bargain. Appellant obtained permission from the court to appeal matters relating to his motion to suppress and filed a timely notice of appeal in accordance with Tex.R.App.P. 41(b).

In four points of error, appellant asserts that: (1) his detention was illegal; (2) the search and seizure that occurred subsequent to his detention were illegal; and (3) his plea was entered involuntarily. We reverse and remand to the trial court for further proceedings consistent with this opinion.

At the hearing on appellant's motion to suppress, Officer Jackson testified as follows: Officer Jackson and his partner, Officer Nasworthy, were patrolling the Beechnut Club Creek area of Houston in a marked patrol car at around 3:15 a.m. on February 21, 1993. Officer Jackson observed appellant and a juvenile walking down the road side by side toward the patrol car. He testified that he did not see them conversing, but he thought they were travelling together. Although he had never seen appellant before and did not know his age, Officer Jackson said he had dealt with the juvenile on two prior occasions, one of which involved an arrest for carrying a weapon. He added that he knew the juvenile's age and residence.

Officer Jackson stopped the patrol car in a parking lot and waited for the pair to come around the corner of a building that they had been walking alongside. After about two minutes elapsed, appellant walked around the building without the juvenile. Officer Jackson testified that, in his opinion, appellant and the juvenile saw the patrol car before appellant came around the building.

After driving the patrol car around to the alley behind the building, Officer Jackson saw the juvenile walking in the opposite direction; thus, he drove the patrol car around to the other side of the building and waited for the juvenile to appear. Once the juvenile reappeared, Officer Jackson stopped him and questioned why he was violating the city's

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Hous-

ton, sitting by assignment.

curfew ordinance. During a patdown search incident to this stop, a clear plastic bag containing what appeared to be five rocks of crack cocaine fell from the juvenile to the ground. The juvenile was arrested and placed in the patrol car.

Officer Jackson testified that he had seen appellant enter an all-night convenience store across the street and about 200 yards away from where he and Officer Nasworthy had encountered the juvenile. Thus, the officers drove to the store to ask appellant whether he was involved in drug activity with the juvenile and whether he knew anything about the substance discovered on the juvenile.

Upon arriving at the store, Officer Jackson saw appellant inside. When appellant exited, Officer Jackson called him over to the patrol car and conducted a patdown search of his jacket before questioning him. Officer Jackson said he conducted the search for the following reasons: (1) appellant was wearing a heavy jacket on a warm night; (2) the officers were in a high crime area where robberies, auto thefts, and drug dealings were common occurrences; (3) in his prior drug-related arrests in the area, Officer Jackson had encountered defendants with firearms or other weapons in their possession; and (4) based on his experience, Officer Jackson knew that people who deal in drug trafficking often carry weapons.

While patting appellant's jacket, Officer Jackson felt three rectangular solid objects bunched up near appellant's abdomen under the jacket. The objects were about five inches long and over an inch wide. Officer Jackson said he did not know what the objects were, but he feared they might be weapons. After making appellant remove the items from his shirt, Officer Jackson discovered that they were three candy bars.

Officer Jackson left appellant with Officer Nasworthy and took the candy bars into the store to ask the clerk whether appellant had purchased anything. The clerk replied that appellant had not, but the candy bars belonged to the store. The clerk said he wanted to press charges, so Officer Jackson exited the store and arrested appellant. Officer Nasworthy, in the presence of Officer Jackson, searched appellant's jacket and discover-ed and opened a clear plastic breath-mint container that contained an off-white powdery residue at the bottom. The residue in the container was later field tested and determined to be crack cocaine in an amount less than 28 grams. It is this cocaine that appellant was convicted of possessing.

In his first point of error, appellant attacks the admissibility of the cocaine on the basis that he was detained by Officer Jackson without reasonable suspicion to believe that appellant had engaged in any criminal activity.

In a pretrial suppression hearing, the trial court is the sole judge of the credibility of the witnesses and of the weight to be given their testimony. *Meek v. State,* 790 S.W.2d 618, 620 (Tex.Crim.App.1990); *Taylor v. State,* 604 S.W.2d 175, 177 (Tex.Crim. App.1980). Absent a showing of an abuse of discretion, the court's findings will not be disturbed. *Freeman v. State,* 723 S.W.2d 727, 729 (Tex.Crim.App.1986); *Perez v. State,* 818 S.W.2d 512, 514 (Tex.App.—Houston [1st Dist.] 1991, no pet.). On appellate review, the evidence adduced at the suppression hearing is viewed in the light most favorable to the trial court's ruling. *Daniels v. State,* 718 S.W.2d 702, 702 (Tex.Crim.App.1986), *cert. denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 252 (1986), *overruled on other grounds, Juarez v. State,* 758 S.W.2d 772, 780 (Tex.Crim.App.1988).

Pursuant to the United States and Texas Constitutions, a defendant is detained if, from his or her perspective, there has been such a display of official authority that a reasonable person would not have felt that he was free to leave. *Immigration and Naturalization Service v. Delgado,* 466 U.S. 210, 216, 104 S.Ct. 1758, 1762, 80 L.Ed.2d 247 (1984); *United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980); *Chambers v. State,* 866 S.W.2d 9, 19 (Tex.Crim.App.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1871, 128 L.Ed.2d 491 (1994). We find that the facts of this case demonstrate that a reasonable person in appellant's position would not have believed that he was free to leave. The record indicates that, after appellant exited

the convenience store, Officer Jackson called him over to the patrol car and immediately conducted a patdown search of his outer clothing before asking him any questions regarding the juvenile and without explaining his reasons for the search. We next examine whether appellant's detention was justified.

■■■ Not every seizure of a person must be justified by probable cause to arrest for a crime. *Florida v. Royer,* 460 U.S. 491, 497–98, 103 S.Ct. 1319, 1323–24, 75 L.Ed.2d 229 (1983); *Daniels,* 718 S.W.2d at 702. Rather, to justify an investigative detention, the officer must merely have specific articulable facts that, in light of his experience and personal knowledge, together with inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen detained for further investigation. *Holladay v. State,* 805 S.W.2d 464, 471 (Tex.Crim.App. 1991); *Johnson v. State,* 658 S.W.2d 623, 626 (Tex.Crim.App.1983). In other words, the officer must have a reasonable suspicion that some abnormal activity is occurring or had occurred, some indication that the activity is related to a crime, and some suggestion to connect the detained person with the unusual activity. *Daniels,* 718 S.W.2d at 705; *Johnson,* 658 S.W.2d at 626. Detention based on a hunch is illegal, *Williams v. State,* 621 S.W.2d 609, 612 (Tex.Crim.App.1981), and it cannot be based on events that are as consistent with innocent activity as with criminal activity. *Johnson,* 658 S.W.2d at 626.

■■■ When Officer Jackson detained appellant, he had knowledge of the following facts: (1) appellant and the juvenile were walking side by side down a road in a high crime area early in the morning; (2) appellant and the juvenile separated after seeing Officer Jackson's marked patrol car; and (3) a substance appearing to be crack cocaine was discovered on the juvenile pursuant to a valid search. We find that these facts, even when considered together, do not constitute a reasonable suspicion to connect appellant with the juvenile's possession of cocaine.

■■■ The mere reputation of the high-crime area where detainees are seen, without more, cannot serve as the basis for an investigative detention. *Amorella v. State,* 554

S.W.2d 700, 701 n. 1 (Tex.Crim.App.1977). The record contains no evidence that Officer Jackson observed either appellant or the juvenile engage in any suspicious activity as they walked down the road. Although Officer Jackson testified that they separated after seeing his patrol car, he failed to articulate any basis that indicated that they were attempting to evade him. In fact, neither the juvenile nor appellant attempted to flee when directly confronted by Officer Jackson.

■■■ Additionally, appellant's initial proximity to the juvenile is inconsequential in determining whether Officer Jackson had reasonable suspicion to detain appellant. It is well settled that a person's proximity to another who is independently suspected of criminal activity does not, without more, give rise to probable cause to search that person. *Ybarra v. Illinois,* 444 U.S. 85, 91, 100 S.Ct. 338, 342, 62 L.Ed.2d 238 (1979); *Lippert v. State,* 664 S.W.2d 712, 717 (Tex.Crim.App. 1984). This standard is instructive in determining whether Officer Jackson had reasonable suspicion to detain appellant since there is no evidence of any articulable facts that appellant had engaged in illegal drug activity with the juvenile. We hold that Officer Jackson did not have reasonable suspicion to detain appellant.

Appellant's first point of error is sustained.

The cocaine that appellant was convicted of possessing in this case was obtained pursuant to his illegal detention. Evidence obtained by a police officer in violation of the federal or Texas Constitutions is not admissible against the accused during the trial of any criminal case. Tex.Code Crim.Proc.Ann. art. 38.23 (Vernon Supp.1994). Therefore, we need not consider appellant's second and third points of error since they challenge the validity of the patdown search and seizure of the candy bars that occurred subsequent to his illegal detention.

In his fourth point of error, appellant contends that, if this Court finds he has not properly preserved error for appellate review, his plea was not knowingly and intelligently entered. The record is clear that appellant entered his plea fully expecting to obtain appellate review of his pretrial motion

to suppress. We need not address this point of error because appellant properly preserved his appeal. As noted, the record indicates that appellant entered his plea pursuant to a plea bargain with the prosecutor and filed a timely notice of appeal that complied with the requirements of TEX.R.APP.P. 41(b).

We find that the trial court erred in denying appellant's motion to suppress and that this error was not harmless under TEX. R.APP.P. 81(b)(2). We reverse the judgment and remand this case to the trial court for further proceedings consistent with this opinion.