Jett Bruce SANDERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–01–00071–CR.

Court of Appeals of Texas, Texarkana.

Submitted April 11, 2002.

Decided April 18, 2002.

Ebb B. Mobley, Attorney At Law, Longview, for appellant.

Andy Porter, Asst. Dist. Atty., Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Jett Bruce Sanders appeals his conviction for felony driving while intoxicated, enhanced by two prior felony convictions. A jury sentenced him to seventy-five years' confinement.

Sanders argues on appeal that the trial court committed reversible error in two respects. The first alleged error was denying Sanders' oral request for a special jury instruction on the issue of lack of probable cause. The second alleged error was overruling Sanders' objection to the State's closing argument.

Two Texas Department of Public Safety troopers received a radio report concerning a possible intoxicated driver in a gray station wagon. Later, the troopers overheard a local tow truck driver speaking on the county primary radio channel. The tow truck driver had seen the station wagon drive into the parking lot of a tattoo parlor. The troopers went immediately to the tattoo parlor, where they found a gray station wagon in the parking lot and Sanders inside in the customer waiting area. One officer asked the people in the parlor who owned the gray station wagon in the parking lot, and Sanders answered that he did. The officer then asked Sanders to step outside and talk to him. Sanders willingly complied. At some point during this event, the owner of the parlor told the officers that he had heard Sanders drive his vehicle into the guardrail in front of the parlor shortly before the officers arrived, and that what he thought had happened had been confirmed by persons who actually saw the collision. After Sanders failed various field sobriety tests, the officers arrested him.

Sanders first contends the trial court erred by denying his request for a jury instruction on probable cause. Where the evidence raises an issue regarding the legality of how incriminating evidence against an accused was obtained, the accused has a right to have the jury instructed that no evidence illegally obtained may be used against him, and that if the jurors believe or have a reasonable doubt that the evidence was illegally obtained, they must disregard that evidence. TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp. 2002).

■ Sanders contends that the evidence raises a factual issue on whether the officers had probable cause to arrest him at the point at which they asked him to step outside, and thus he was entitled to a jury instruction on the matter. We disagree. The issue of probable cause arises in searches, seizures, and arrests. It does not apply where a police officer approaches a citizen to engage in conversation. *See State v. Velasquez*, 994 S.W.2d 676, 678 (Tex.Crim.App.1999). At this point, there was merely an encounter between the officers and Sanders for the purpose of conversation. It was neither an arrest, nor even a detention. At that point, probable cause was irrelevant.

Sanders next contends that during closing jury argument, the prosecutor made improper comments. During the trial, the parlor owner testified that on the day of Sanders' arrest, Sanders had twice been to the tattoo parlor, and it was after the second time, which followed the first by several hours, that the police arrested Sanders. On Sanders' first trip to the tattoo parlor, he was accompanied by a friend named Joe, who was also an acquaintance of the parlor owner. The owner testified that when Sanders arrived the second time, he came into the parlor and sat down on the couch. After the officers

came, the owner asked Sanders whether the police were looking for him. The owner then told Sanders to take his business outside. Sanders replied, "Tell them Joe was driving," apparently referring to the acquaintance with whom he had come to the parlor on their first visit several hours earlier. During closing argument, the prosecutor pointed out that the defense could have subpoenaed Joe to testify if in fact he had been the one driving, and the defense had failed to do so. Sanders objected that this argument "goes to the burden of proof" of which the defense has none, and the trial court overruled the objection. This was not improper argument.

■ Counsel are permitted to argue logical inferences that arise from a party's failure to produce evidence that is shown to exist. *See* 43 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 37.23 at 617 (2d ed.2001). Such argument is permissible if it does not invite the jury to speculate why the defendant failed to testify. *See id.* The evidence introduced here suggested that Sanders' excuse to the parlor owner and to the officers was that another person was driving. It was thus permissible for the prosecutor to argue that if this excuse were true, the defense would have called the person who could verify that excuse. These remarks neither shifted the burden of proof nor commented on Sanders' failure to testify.

We note that the result would be different if the prosecutor had made a comment that called for the denial of an assertion of fact or contradictory evidence that only Sanders was personally able to offer. *See Nowlin v. State,* 507 S.W.2d 534, 536 (Tex. Crim.App.1974). In our case, however, the language used clearly referred to the defense's failure to produce testimony other than from Sanders personally. Such argu-

ment is not improper. *Id.* at 536. The objection was properly overruled and the judgment is affirmed.