NUMBER 13-01-427-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



FRANK ARNOLD ROEHR, JR.,                                                Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 



 

                         On appeal from the 36th District Court

                               of San Patricio County, Texas.

 

 



                                   O P I N I O N

 

          Before Chief Justice Valdez
and Justices Yañez and Castillo

                                  Opinion by
Justice Castillo

 








Appellant, Frank Arnold Roehr, was charged with the felony
offense of  possession
of less than one gram of heroin.[1]  The trial court denied his motion to suppress
evidence,[2]
and he pleaded guilty to the offense. 
Roehr requested findings of fact and conclusions of law.  He also requested a jury to levy punishment,
which was subsequently assessed at eighteen months imprisonment and a $1,000.00
fine.  In his sole issue presented, Roehr
contends the trial court erred in denying his motion to suppress.  We affirm.

FACTS








At approximately noon on November 29, 2000, Officers Dennis
Anders and Dennis Chupe of the Aransas Pass Police Department responded to an
anonymous telephone call that an intoxicated person with blue shorts and a blue
shirt was in an Aransas Pass Circle K convenience store.  Upon arrival at the store, they observed
Roehr, wearing blue shorts and a blue shirt, walking toward the restroom in the
back of the store.  Officer Chupe called
out to Roehr to get his attention and asked him to step outside the store.  From the time the officers asked him to go
outside to the time they started asking him questions, they noticed he showed
signs of intoxication, including slurred speech and lack of balance.  When Officer Anders began asking Roehr
questions, Roehr appeared nervous and put his hands in his pockets.  Both officers feared Roehr might have a
weapon, and so they asked if they could search him.  He consented. 
As Officer Anders performed a Apat-down@ search, he
noticed a small plastic bag hanging out of Roehr=s pocket. 
Officer Anders suspected the bag contained narcotics and removed it from
the pocket.  The substance in the bag
appeared to be heroin; thus, Roehr was arrested.

ISSUE PRESENTED

Roehr contends that the officers= initial
encounter with him constituted an investigative detainment.  He argues that because this investigative
detainment occurred without reasonable suspicion, all subsequent evidence
should have been suppressed by the trial court. 
As stated in the trial court=s finding of
facts, the initial encounter consisted of AOfficer Chupe
ask[ing] [Roehr] to come outside of the store and talk with the officers.@  Roehr does not contend that an improper
detainment occurred once the officers began questioning him outside the store.

STANDARD OF REVIEW








We review the trial court=s grant or
denial of a motion to suppress under the standards set forth in Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  Under Guzman, the relevant
standard of review depends on the type of question presented.  Id. 
We must afford almost total deference to the trial court=s determination
of the historical facts that are supported by the record, especially where the
determination is based on an evaluation of credibility and demeanor.  Id. 
We also afford almost total deference to the trial court=s application
of the law to the facts, where the application turns on an evaluation of
credibility and demeanor.  Id.  Where the application of the law to the
facts does not revolve around an evaluation of credibility and demeanor, we
review the issue de novo.  Id.  However, in such a case we still afford
deference to the trial court=s determination
of the subsidiary fact questions.  Id.

At a hearing on a motion to suppress a confession, the trial
court is the sole judge of the credibility of the witnesses, and the weight to
be given to their testimony.  Wyatt v. State, 23 S.W.3d 18, 23 (Tex. Crim. App. 2000).  The trial court is free to believe or
disbelieve any or all parts of a witness=s
testimony.  Dewberry
v. State, 4 S.W.3d 735, 747 (Tex. Crim. App. 1999).      

ANALYSIS

In order to detain an individual, an officer must have
reasonable suspicion that the individual is or was involved in some sort of
criminal activity.  Johnson
v. State, 658 S.W.2d 623, 626 (Tex. Crim. App. 1983).  In situations involving anonymous tips, a
police officer=s prior
knowledge, experience, and corroboration of the details may be considered to
aid the determination of reasonable suspicion. 
Alabama v. White, 496 U.S. 325, 331-32 (1990); see also Davis
v. Texas, 989 S.W.2d 859, 864 (Tex. App.BAustin 1999,
pet ref=d).

However, officers are free to engage persons in informal
encounters without reasonable suspicion. 
See United States v. Mendenhall, 446 U.S. 544, 555 (1980); Johnson
v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995).  Thus, only if we find that Roehr was, in
fact, detained during his initial encounter with the officers must we then also
examine whether the anonymous phone call was enough evidence by itself to
constitute reasonable suspicion.








A person is detained under the United States and Texas
Constitutions if, from his or her perspective, there has been such a display of
official authority that a reasonable innocent person would not have felt that
he was free to leave.  Florida
v. Bostick, 501 U.S. 429, 438 (1991); Johnson, 912 S.W.2d at 236.  Even if police officers have no reason to
suspect a person of criminal activity, they may Agenerally ask questions of that individual,
ask to examine the individual=s
identification, and request consent to search his or her luggage, as long as
the police do not convey the message that compliance with their requests is
required.@  Bostick, 501 U.S. at 434-35 (citations
omitted); see also Reyes v. State, 899 S.W.2d 319, 323 (Tex. App.BHouston [14th
Dist.] 1995, pet. ref=d) (holding that
an officer did not detain an appellant when he identified himself as a police
officer, showed identification, asked to speak with the appellant, and he did
not display a gun, threaten appellant, tell appellant he was a narcotics agent,
tell appellant he had to comply with the request, ask to search appellant=s bags, or
maintain that he had the right to search appellant=s bags).








We find that Roehr was not detained during his initial
encounter with the officers.  Prior to
the search, the officers merely asked Roehr to come outside of the store and
speak with them, and Roehr willingly complied.[3]  Under the circumstances in this case, a
reasonable innocent person would have felt free to deny the officer=s request and
leave the premises.  Roehr was free to
refuse the officer=s request if he
chose to do so.  Asking Roehr to step
outside the store is much different than ordering him to do so.  Compare Sanders v. State, 74 S.W.3d
171, 172 (Tex. App.BTexarkana 2002, no pet. h.) (holding that,
where an officer asked the suspect to step outside a tattoo parlor and talk to
him, and that subject willingly complied, there was Amerely an
encounter between the officers and Sanders for the purpose of conversation,@ not a
detention) with Shelby v. State, 888 S.W.2d 231, 234 (Tex. App.BHouston [1st
Dist.] 1994, pet. ref=d) (holding
that when an officer ordered a suspect to walk to his patrol car and then
searched him without consent, the officer had detained the subject for the
purpose of investigation).  The officers= initial questioning
of Roehr was less formal than an investigative detention, and a reasonable
innocent person would have felt free to refuse to comply with the officers= requests;
therefore, reasonable suspicion was not necessary.  Roehr was free to refuse to step outside and
talk with the officers, and complied with the request out of his own
volition.  The motion to suppress was
properly denied by the trial court.

CONCLUSION

Accordingly, we affirm
the trial court=s order denying Roehr=s motion to suppress.                                               

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 8th day of August, 2002.











[1]Tex. Health and Safety Code
' 481.112(b)
(Vernon Supp. 2002).





[2]Roehr
filed a motion to suppress evidence obtained through the arresting officer=s
search.





[3]  According
to the trial court=s finding of
facts, AOfficer Chupe
asked the person to come outside of the store and talk with the officers.@  This finding of fact comports with the
testimony of Officer Chupe, who testified that he said AExcuse
me@ to Roehr, and
then Aasked [Roehr]
if he could come outside with me for a minute so I could talk to him.@