COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                NO.
 2-09-022-CR

 

 

JOSEPH CLIFTON
CHARLES                                                            APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

          FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction

This
case arises from a drug deal gone wrong. 
Appellant Joseph Clifton Charles appeals his conviction for attempted
capital murder.  He contends in two
points that the trial court erred by overruling his objections to the State=s
impermissible closing jury arguments.  We
affirm.

II. 
Factual and Procedural Background








Appellant
first met Terrance Riley when Appellant and his brother, Ronald Trahan, Jr.,[2]
were at Hard Body=s, a gentleman=s
club, in Arlington, Texas, in May or June of 2006.  Appellant and Trahan approached Riley about
whether Riley could sell them marijuana after they noticed that Riley had a Ablunt@
behind his ear.  After Riley sold half an
ounce of marihuana to Appellant and Trahan, the three men exchanged names and phone
numbers.

After
meeting at Hard Body=s, Riley met with Appellant
and Trahan on several occasions over the next several weeks.  Approximately a week after their initial
meeting, Riley sold Trahan some additional marihuana.  Shortly after that, Trahan went to Riley=s
apartment to smoke marihuana and play video games. Next, Appellant went to
Riley=s
duplex[3]
so Riley could cut Appellant=s
hair.  On another occasion, Appellant and
Trahan set up a drug deal and drove Riley to buy approximately half a pound of
marihuana. 








On
July 25, 2006, Appellant went to Riley=s
duplex to sell him more marihuana.  Riley
had previously spoken on the phone with Trahan, who stated that he could
provide Riley with a better quality of marihuana in exchange for Riley=s
paying a higher price for it.  When
Appellant went inside the duplex, he gave the marihuana to Riley, who after
investigating it, determined that it was dried up and moldy, not the quality
that Trahan had said it would be, and therefore not worth the $275 that he had
agreed to pay for it.  After Riley told
Appellant that the marihuana was bad and that it was not what he was expecting,
Appellant pulled out a gun and shot Riley. 
Riley then slid off the couch and onto the floor and closed his
eyes.  When he opened his eyes again, he
saw Appellant leaving the duplex.  Riley
then began hollering and pushed himself across the floor to his cell phone and
called 911.  Riley is now a paraplegic,
and the doctors do not expect him to walk again.  

Appellant
was indicted for the offenses of attempted capital murder in count one,
aggravated robbery in count two, and aggravated assault with a deadly weapon in
count three.[4]  Appellant pleaded not guilty to all three
offenses and was tried in January 2009. 
On January 14, 2009, a jury found Appellant guilty of the offense of
attempted capital murder, found the allegations in the Repeat Offender Notice
and Habitual Count Paragraphs One and Two of the indictment to be true, and
assessed Appellant=s punishment at seventy
years=
confinement.  This appeal followed.

III. 
Discussion








In
two points, Appellant contends that the trial court erred by overruling his
objections to two improper comments made by the prosecutor during closing
arguments in the guilt-innocence phase of trial.  Appellant argues that the prosecutor=s
comments bolstered the State=s
evidence and improperly shifted the burden of proof to the defense.

To
be permissible, the State=s jury argument must fall
within one of the following four general areas: 
(1) summation of the evidence; (2) reasonable deduction from the
evidence; (3) answer to argument of opposing counsel; or (4) plea for law
enforcement.  Felder v. State, 848
S.W.2d 85, 94B95
(Tex. Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro
v. State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

Appellant
complains of the following statements made by the State during its closing
argument:

[State]:
Defense counsel says, AWhy didn=t they bring your
records?@  If there were records on this defendant=s cell phone that
showed otherwise, you=d know they would
bring it to you.  It=s his phone.

 

[Appellant]:
Your Honor, it changes the burden of proof from the State to the Defense.  

 

The
Court: Overruled.

 

[State]:
They have absolutely no burden, but don=t you know that if that was true, they could
have brought it to you.

 

Defense
counsel said, AWell, they didn=t bring you word from
the street.@  His entire family is sitting right
there.  Everybody who knows him and loves
him is sitting right over there.

 

Did
a single one of them ever get up here to tell you, AHe=s not capable of
committing this crime; I know Joe; he has nothing to do with firearms; I love
him; wouldn=t hurt a flea; wouldn=t be involved in
something like this?@

 








There=s his mother.  His own brother couldn=t say anything good
about him nor his sisters nor anybody else. 
That speaks volumes to who you=re dealing with.

 

Do
you want to know Joseph Charles?  Their
absence tells you who you have.

 

And
for her to sit there and tell you we didn=t bring you word on the street and the family
came and supported him but couldn=t be bothered to say one good thingB

 

[Appellant]:
Your Honor, I=m going to object
again to shifting the burden of proof to the defendant.

 

The Court: Overruled. 

Regarding
the first objection, Appellant complains that the State=s
comment alleging that Appellant did not offer into evidence Appellant=s
phone records erroneously shifted the burden of proof to Appellant.

During
his closing arguments, Appellant had specifically referenced the State=s
failure to present evidence regarding Appellant=s
phone records at trial.  Appellant=s
counsel had stated in relevant part,

The
State of Texas=[s] case comes down
to one witness and only one witness. 
They didn=t bring you DNA.  They didn=t bring you prints.  They didn=t bring you phone records from Tameika
Trahan.  They didn=t bring you phone
records from Terrance Riley.  They
didn=t bring you phone
records from my client.  [Emphasis added.]

 








It
is apparent that the State was simply trying to respond to Appellant=s
argument that the State did not produce his phone records at trial and
emphasize that Appellant could have provided his own phone records.  Absent comment on the defendant=s
lack of testimony, Athe State may comment on
appellant=s
failure to present evidence in his favor@
during jury argument.  See Caron v.
State, 162 S.W.3d 614, 618 (Tex. App.CHouston
[14th Dist.] 2005, no pet.) (citing Jackson v. State, 17 S.W.3d 664, 667
(Tex. Crim. App. 2000)); Sanders v. State, 74 S.W.3d 171, 173 (Tex. App.CTexarkana
2002, pet. ref=d). 

Here,
the State simply stated that Appellant could have brought in his own phone
records as evidence if the records had been favorable to his defense.  We hold that the trial court did not abuse
its discretion by overruling his objection to the State=s
comments because the State was merely responding to Appellant=s
closing argument and suggesting that Appellant had access to his own phone
records and could have provided them as evidence.  We overrule Appellant=s
first point.

Concerning
the second objection, Appellant argues that the State commented on his failure
to call defense witnesses and that the argument shifted the burden of proof to
him.

An
objection to a jury argument at trial must be timely and specific, and the
defendant must pursue the objection to an adverse ruling.  Mathis v. State, 67 S.W.3d 918, 927
(Tex. Crim. App. 2002); Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim.
App. 1996), cert. denied, 520 U.S. 1173 (1997); Carter v. State,
614 S.W.2d 821, 823 (Tex. Crim. App. 1981); see also Tex. R. App. P.
33.1(a)(1).  An objection is timely if it
is made as soon as the ground of objection becomes apparent.  Thompson v. State, 691 S.W.2d 627, 634
(Tex. Crim. App. 1984), cert. denied, 474 U.S. 865 (1985).








Here,
Appellant should have objected to the prosecutor=s
statements when it first became apparent that the State was referencing
Appellant=s
failure to call family members to testify. 
See id.; Parks v. State, 858 S.W.2d 623, 631 (Tex. App.CFort
Worth 1993, pet. ref=d).  Appellant, however, waited until the State
had commented generally that his family members, and specifically his mother
and brother, did not testify before he objected to the statements as shifting
the burden of proof.  Because Appellant
did not timely object to the prosecutor=s
statements, he failed to properly preserve error for our review.  See Tex. R. Evid. 103(a)(1);
Lagrone v. State, 942 S.W.2d 602, 618 (Tex. Crim. App.), cert. denied,
522 U.S. 917 (1997); Polk v. State, 729 S.W.2d 749, 753 (Tex. Crim. App.
1987).  Additionally, it is evident from
the record that the State was again responding to the argument by Appellant=s
counsel that the State Adidn=t
bring you word on the street,@
which is logically interpreted to mean Appellant=s
reputation in his neighborhood and community, because the prosecutor prefaced
his remarks by stating, ADefense counsel said, >Well,
they didn=t
bring you word from the street.=@  His entire family is sitting right there. . .
.@  Accordingly, we overrule Appellant=s
second point.

IV. 
Conclusion

Having
overruled each of Appellant=s
two points, we affirm the trial court=s
judgment.

 








ANNE GARDNER

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 17, 2010











[1]See Tex. R. App. P.
47.4.





[2]Riley knew Appellant
as AJoe@ and Trahan as A100.@  Riley testified that he later learned that
Trahan went by the name AR.J.@





[3]Riley moved from his
apartment to a duplex a couple of days after Trahan went to Riley=s apartment.





[4]This was the second
time that Appellant was tried under this indictment.  On February 25, 2008, the State, after
waiving count one (attempted capital murder) and count three (aggravated
assault with a deadly weapon), proceeded to trial on count two (aggravated
robbery).  However, the trial court
granted Appellant=s motion for mistrial
after the jury could not reach a unanimous verdict.