**Affirmed as Reformed and Memorandum Opinion filed June 27, 2013.**



**In The**

**Fourteenth Court of Appeals**

_____

**NO. 14-12-00394-CR**

_____

**ERRON KEITH NOLLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 13056722010**

## M E M O R A N D U M   O P I N I O N

A jury convicted Erron Keith Nolley of capital murder,[1] and the trial court assessed his punishment at life imprisonment without the possibility of parole. Appellant challenges his conviction and sentence; he contends that (1) his sentence is invalid under state and federal law; (2) imposition of an automatic life sentence is constitutionally impermissible because it deprives the sentencer of hearing any

_____

[1] *See* Tex. Penal Code Ann. § 19.03(a)(2) (Vernon Supp. 2012).

individualized factors or mitigation; and (3) the State impermissibly shifted the burden of proof during its closing argument.

## Background

On July 27, 2010, appellant and others took part in a robbery. The victims of the robbery were Luis Gonzales, his 15-year-old cousin Larry Ayala, and Larry's 15-year-old friend Albert Cardenas. Albert was shot and killed during the robbery.

Appellant was charged with capital murder. He was 16 years old at the time of the offense. A juvenile district court waived its original jurisdiction and transferred the case to the criminal district court. At the beginning of trial, appellant was told that if he was convicted of capital murder, he would have to serve 40 years before being eligible for parole.

During trial, Larry Ayala identified appellant as Albert's shooter. One of the other robbers, Chester Mosley, testified at trial that appellant told him he shot Albert during the robbery. Witness Elijah McFarland also testified at trial that appellant told him he had shot Albert.

The jury found appellant guilty of capital murder. Immediately after the verdict on April 19, 2012, the trial court assessed appellant's "punishment at life in the institutional division of the Texas Department of Criminal Justice." The trial court did not mention eligibility for parole. The court signed a judgment on April 19, 2012, reflecting appellant's sentence to be "life without parole." Appellant did not file a motion for new trial. Appellant filed a timely appeal.

## Analysis

### I.  Punishment

In his first issue, appellant argues that his sentence for life imprisonment

without the possibility of parole violates Texas and federal law. Appellant argues that, as a juvenile, his punishment must be life imprisonment with the possibility of parole as required by section 12.31 of the Texas Penal Code[2] and *Miller v. Alabama*, 132 S. Ct. 2455, 2469 (2012).

Effective September 1, 2009, the Legislature amended section 12.31(a) of the Texas Penal Code to provide that "[a]n individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for: (1) life, if the individual's case was transferred to the court under Section 54.02, Texas Family Code, or (2) life without parole." *Lewis v. State*, 07-11-00444-CR, 2013 WL 2360146, at *12 (Tex. App.—Amarillo May 29, 2013, no. pet. h.) (op. on reh'g). Therefore, section 12.31(a)(1) of the Texas Penal Code requires a juvenile defendant, who is certified as an adult and convicted of capital murder, to be sentenced to life imprisonment if the State does not seek the death penalty. *See* Tex. Penal Code Ann. § 12.31(a)(1) (Vernon 2011).

Appellant committed the offense on July 27, 2010. Appellant was born on November 12, 1993; thus, he was 16 years old at the time he committed the offense. A juvenile district court waived its original jurisdiction and transferred the case to the criminal district court under section 54.02 of the Family Code[3] on May 9, 2011. The State did not seek the death penalty for the capital murder charge against appellant. After the jury found appellant guilty of capital murder on April 19, 2012, the trial court immediately pronounced "punishment at life in the institutional division of the Texas Department of Criminal Justice." The trial court's April 19, 2012 judgment reflects that appellant was sentenced to life

---

[2] *See* Tex. Penal Code Ann. § 12.31 (Vernon 2011).

[3] *See* Tex. Fam. Code Ann. § 54.02 (Vernon Supp. 2012).

imprisonment without the possibility of parole. Appellant should have been sentenced to "life" as required by section 12.31(a)(1) of the Texas Penal Code. *See* Tex. Penal Code Ann. § 12.31(a).

Additionally, the United States Supreme Court held that the "Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller*, 132 S. Ct. at 2469. Pursuant to the Supreme Court's holding in *Miller*, appellant's sentence of life without parole should be reformed to a sentence of life imprisonment. *See* Tex. R. App. P. 43.2; *Lewis v. State*, 2013 WL 2360146 at *13 (court of appeals reformed juvenile appellant's sentence of life without parole to a sentence of life imprisonment pursuant to *Miller*); *see also Salinas v. State*, 163 S.W.3d 734, 743 (Tex. Crim. App. 2005) (Texas Court of Criminal Appeals reformed juvenile appellant's death sentence to a sentence of life imprisonment pursuant to *Roper v. Simmons*, 543 U.S. 551, 578 (2005)). In its brief, the "State concurs that the judgment should be reformed to correct the clerical error and reflect that appellant is subject to review for parole . . . ."

We sustain appellant's first issue.

Appellant contends in his second issue that even if we reform his sentence, a mandatory sentence of life imprisonment with the possibility of parole for juveniles is nonetheless unconstitutional under *Miller* because it precludes the sentencer from "hearing any individualized factors or mitigation."

Section 12.31(a)(1) of the Texas Penal Code requires a juvenile defendant, whose case was transferred to criminal court under section 54.02 of the Family Code and who was convicted of capital murder, to be sentenced to life imprisonment if the State does not seek the death penalty. *See* Tex. Penal Code Ann. § 12.31(a)(1). Statutes are presumed to be constitutional until it is

4

determined otherwise. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).

Further, the Supreme Court in *Miller* held narrowly that the Eighth Amendment forbids a sentencing scheme mandating life imprisonment without the possibility of parole for juveniles. *Miller*, 132 S. Ct. at 2469. The Court stated that "a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles. By requiring that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes, the mandatory sentencing schemes before us violate th[e] principle of proportionality, and so the Eighth Amendment's ban on cruel and unusual punishment." *Id*. at 2475.

The Court narrowly tailored its holding to mandatory sentences of life imprisonment without the possibility of parole for juveniles. *Id*. at 2469. The Supreme Court did not categorically foreclose a sentencer's ability to impose a judgment of life imprisonment on a juvenile without the possibility of parole in homicide cases, nor did it require that mitigating circumstances be considered for a sentence less severe than life without the possibility of parole as applied to a juvenile. *See id*. at 2475.

We conclude that *Miller* does not support appellant's argument that a mandatory sentence of life imprisonment with the possibility of parole is constitutionally impermissible under *Miller*.

Accordingly, we overrule appellant's second issue.

## II. Closing Argument

In his third issue, appellant contends that the State impermissibly attempted

5

to shift the burden of proof to the defense "four times" during its closing argument at the guilt-innocence phase of the trial, and that the trial court sustained his objection to the State's argument "only two times." Appellant points to the following statements as being improper jury argument:

> [THE STATE]: . . . . Well, where is the evidence of that? Where is the testimony that the defense certainly could have put on, that they were never there that evening at their house. Where is their mother or father to testify, well, I don't know where they were then. I didn't see them around. They certainly could put that testimony on.
>
> [DEFENSE COUNSEL]: Excuse me, Your Honor. I object to that. We have no burden in this case.
>
> THE COURT: Sustained.
>
> [DEFENSE COUNSEL]: I object to counsel trying to transfer the burden over to the defendant.
>
> THE COURT: I sustained your objection, counsel.
>
> [THE STATE]: Well, ladies and gentlemen, yes, they don't have the burden but they certainly can put on any evidence they want to.
>
> [DEFENSE COUNSEL]: Objection, Your Honor, We have no burden, we don't have to put on any evidence.
>
> THE COURT: I sustained the objection.
>
> *        *        *
>
> [THE STATE]: . . . You know, the defense also, I agree, doesn't have to put any defense on, doesn't have to put any witnesses on but they certainly can put on any alibi witnesses if they want to.
>
> [DEFENSE COUNSEL]: Excuse me, Your Honor. Objection.
>
> THE COURT: I'm sorry. I did not hear.
>
> [DEFENSE COUNSEL]: He's still putting the burden on the defense, telling us we can put on witnesses, we can put on evidence.
>
> [THE STATE]: Alibi witnesses, Judge.
>
> THE COURT: I'm sorry?
>
> [THE STATE]: Alibi witnesses.

THE COURT: Overruled.

[THE STATE]: Ladies and gentlemen, if Erron Nolley wasn't there, they certainly have the right to call and subpoena and bring in witnesses who say, no, he wasn't there. He was with me that night — that day.

[DEFENSE COUNSEL]: Your Honor, I object to any line of questioning, response, argument by counsel requiring the defense to put on any witnesses.

THE COURT: Overruled.

[THE STATE]: I'm not saying that they have to, ladies and gentlemen. What I'm saying is they have the right to do so. And certainly the absence of any alibi witnesses can be considered by you-all —

[DEFENSE COUNSEL]: Objection, Your Honor, to counsel's argument, still talking about the defense having to put on witnesses.

THE COURT: Overruled.

[THE STATE]: It's something that you can consider. If he wasn't there, where was he? What was he doing? Who was he with? You don't have any evidence of that.

You know, something else the defense brings up is that this is kind of — they really haven't proved which murder weapon it was that did it.

Appellant argues that the State's remarks do not fall within the four permissible areas of jury argument and that he was harmed by the State's "repeated misstatement of the burden of proof and argument that [he] needed to present evidence."

Proper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). Error exists when facts not supported by the record are interjected in the argument, but such error is not reversible unless, in light of the record, the argument is extreme or manifestly

7

improper. *Id.*

With regard to the first remark the State made, the trial court sustained appellant's objections; and appellant failed to preserve any alleged error. In order to preserve jury argument error for appellate review, the defendant must (1) make an objection; (2) request an instruction to disregard; and (3) make a motion for a mistrial. *Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993). After the trial court sustained the objection, appellant did not ask for an instruction to disregard or move for a mistrial. It is well settled that when appellant has been given all the relief he requested at trial, there is nothing to complain of on appeal. *Id*. With regard to the first argument, appellant failed to preserve any alleged error. *See id*.

With regard to the remaining remarks made by the State, the trial court overruled appellant's objections. We conclude the State's remarks did not shift the burden of proof to the defense and did not constitute improper jury argument.

A prosecutor may not use final argument to invite the jury to speculate about matters that are outside of or unsupported by the record. *See Borjan v. State*, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990). A prosecutor is permitted to argue logical inferences that arise from a party's failure to produce evidence that is shown to exist. *Sanders v. State*, 74 S.W.3d 171, 173 (Tex. App.—Texarkana 2002, pet. ref'd). A prosecutor may properly comment on a defendant's failure to produce evidence, as long as the remarks do not fault the defendant for failing to testify. *See Jackson v. State*, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000); *Patrick v. State*, 906 S.W.2d 481, 491 (Tex. Crim. App. 1995). We look at the challenged language from the jury's standpoint and determine whether the comment "was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Bustamante v. State*, 48

S.W.3d 761, 765 (Tex. Crim. App. 2001). Reversal is not required where the language can be reasonably construed as referring to a defendant's failure to produce testimony or evidence from sources other than himself. *Livingston v. State*, 739 S.W.2d 311, 338 (Tex. Crim. App. 1987).

The remarks appellant challenges on appeal were made in rebuttal to the defense closing argument. In response to appellant's closing argument implying that appellant was not present during the offense, the State argued that "if [appellant] wasn't there, [appellant] certainly ha[s] the right to call and subpoena and bring in witnesses who say, no, he wasn't there. He was with me that night — that day." The State stated that appellant does not have to call any witnesses, but has "the right to do so." The State remarked that the jury may consider the absence of alibi witnesses and consider if appellant "wasn't there, where was he? What was he doing? Who was he with?"

In *Caron v. State*, 162 S.W.3d 614, 618 (Tex. App.—Houston [14th Dist.] 2006, no pet.), this court reviewed an objection made to a prosecutor's statement that "[i]f there is something out there that is going to exonerate you, you want to make it known." We rejected appellant's argument that the prosecutor improperly shifted the burden of proof to the defense and reasoned: "During the jury argument, the State may comment on appellant's failure to present evidence in his favor." *Id*. As in *Caron*, the State's remarks about appellant's right to call witnesses regarding his whereabouts at the time of the offense constituted permissible argument and did not shift the burden of proof to appellant. *See id*.; *see also Sanders v. State*, 74 S.W.3d at 173 (prosecutor's remark that "the defense could have subpoenaed [alibi witness] to testify if in fact he had been the one driving, and the defense had failed to do so" was permissible jury argument).

Accordingly, we overrule appellant's third issue.

9

## Conclusion

We reform the trial court's judgment to delete the reference to "without parole," and to reflect a sentence of life imprisonment in conformity with section 12.31(a)(1) of the Texas Penal Code. In all other respects, we affirm the judgment of the trial court.

/s/    William J. Boyce
           Justice

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).