Robert G. CARON, Appellant,

v.

The STATE of Texas, Appellee.

No. 14-03-01094-CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 10, 2005.

Amanda Joe Peters, Houston, for appellee.

Jonathan Munier, Houston, for appellant.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant Robert Caron was convicted by a jury of first-degree felony securities fraud, and the jury assessed punishment at five years' confinement and a $10,000 fine. Asserting two points of error, appellant contends: (1) the trial court erred by denying his motion for mistrial when the State's cross-examination and jury argument attempted to shift the burden of proof; and (2) the trial court erred by exempting the State's expert witness from "the Rule" where the State failed to follow provisions of that exemption. We affirm.

In his first issue, appellant contends the trial court erred when it denied his motion for mistrial because the State's cross-examination and jury argument attempted to shift the burden of proof. During trial, and after the State presented its case-in-chief, appellant testified and was cross-examined by the State. Appellant specifically complains that two of the State's cross-examination questions attempted to shift the burden of proof.[1]

---

1. The two questions appellant complains of on appeal were the two instances in which his trial counsel objected to this particular line of questioning. The State's cross-examination

One of the State's claims against appellant at trial was he failed to disclose to investors the corporation's loss of its charter for failure to pay franchise taxes. Appellant testified that according to paperwork he saw, the taxes had been paid. On cross-examination, the State asked appellant why he did not produce the record when he knew it was an issue. Appellant's counsel objected and argued the State was attempting to shift the burden of proof. The objection was overruled.

■■■ Another of the State's claims at trial was that appellant misled investors into believing they were investing in an existing and operating business, when, in fact, it was only an undeveloped idea. The State's witnesses testified that appellant's software program was necessary to implement the business idea, but it never actually existed. Appellant testified the program did exist and said at least three different companies were involved in making the program. On cross-examination, the State asked appellant whether he had anybody from those three companies present to testify on his behalf. Appellant responded that he was not asked to, to which the prosecutor replied, "it's not my responsibility to bring in your witnesses." At this time, appellant's counsel objected on the basis of an improper attempt to shift the burden of proof. The objection was sustained. However, this complaint is waived because appellant did not take the necessary steps to preserve error. *See* Tex.R.App. P. 33.1; *Brooks v. State*, 642 S.W.2d 791, 798 (Tex.Crim.App.1982) (stating the proper method of pursuing an objection until an adverse ruling is to object, request an instruction to disregard, and move for a mistrial). Here, appellant may

not complain because he received all of the relief he requested, and no adverse ruling. Failure to request further relief after an objection is sustained preserves nothing for review. *Henderson v. State*, 617 S.W.2d 697, 698 (Tex.Crim.App.1981).

■■■ Moreover, appellant's assertion that the State attempted to shift the burden of proof is unfounded. Texas Rule of Evidence 611(b) provides "[a] witness may be cross-examined on any matter relevant to any issue in the case, including credibility." Tex.R. Evid. 611(b). The extent of cross-examination for a showing of bias or credibility is within the trial court's discretion, and its decision is not subject to reversal on appeal absent a clear abuse of discretion. *Chambers v. State*, 866 S.W.2d 9, 27 (Tex.Crim.App.1993). A defendant who exercises his right to testify is subject to the same rules governing examination and cross-examination as any other witness, whether he testifies at the guilt-innocence stage or at the punishment stage of the trial. *Felder v. State*, 848 S.W.2d 85, 99 (Tex.Crim.App.1992); *Fuentes v. State*, 832 S.W.2d 635, 639–40 (Tex.App.-Houston [14th Dist.] 1992, pet. ref'd). In Texas, the scope of cross-examination is wide open, and once the defendant testifies at trial, he opens himself up to questioning by the prosecutor on any subject matter that is relevant. *Felder*, 848 S.W.2d at 99. In the instant case, the State's questions on cross-examination were relevant to appellant's credibility, specifically, his testimony refuting that of the State's witnesses. This line of questioning was not an attempt to shift the burden of proof, but instead, tested appellant's credibility in an attempt to discover the truth.

asked six other questions similar to the two complained of on appeal; however, appellant's counsel did not object to them. Instead, appellant's response to the State's un-objected-to questions was that he had no burden to produce evidence supporting his defensive theories.

██ Appellant also contends the State attempted to shift the burden of proof during jury argument. During closing argument, the prosecution stated, "[i]f there is something out there that is going to exonerate you, you want to make it known." Appellant's counsel objected on the basis that it was an attempt to shift the burden of proof. The objection was sustained. Following an instruction to disregard, appellant's counsel requested a mistrial, which was denied. An instruction to disregard the argument generally cures any error. *Shannon v. State*, 942 S.W.2d 591, 597 (Tex.Crim.App.1996); *Dinkins v. State*, 894 S.W.2d 330, 357 (Tex.Crim.App. 1995). However, in this case, there was no error because the argument was proper and did not shift the burden of proof.

██ Proper jury argument includes four areas: (1) summation of the evidence presented at trial, (2) reasonable deductions drawn from the evidence, (3) answer to opposing counsel's argument, and (4) a plea for law enforcement. *Guidry v. State*, 9 S.W.3d 133, 154 (Tex.Crim.App. 1999). The State's jury argument did not shift the burden of proof, but instead, summarized the state of the evidence and was a reasonable deduction drawn from the evidence. During jury argument, the State may comment on appellant's failure to present evidence in his favor. *See Jackson v. State*, 17 S.W.3d 664, 674 (Tex.Crim. App.2000); *Patrick v. State*, 906 S.W.2d 481, 491 (Tex.Crim.App.1995); *Thomas v. State*, 638 S.W.2d 481, 483 (Tex.Crim.App. 1982). Appellant's first issue is overruled.

██ In his second issue, appellant contends the trial court erred by exempting the State's expert witness from "the Rule," where the State failed to follow provisions of that exemption. Texas Rule of Evidence 614, also known as "the Rule," prevents witnesses from remaining in the courtroom during the testimony of other witnesses. *See* Tex.R. Evid. 614. Rule 614 is designed to prevent witnesses from altering their testimony, consciously or not, based on the testimony of another witness. *See Webb v. State*, 766 S.W.2d 236, 239 (Tex.Crim.App.1989). One exception to Rule 614 applies to a person who is essential to the presentation of the party's case. *Lewis v. State*, 486 S.W.2d 104, 106 (Tex.Crim.App.1972) (stating the trial court is vested with discretion and may permit expert witnesses to be exempt from the rule so they may hear other witnesses testify and then base their opinions on such testimony). Enforcement of Rule 614 lies within the sound discretion of the trial court, and its actions will be disturbed only upon a showing of abuse of discretion or injury to the defendant. *See Cooks v. State*, 844 S.W.2d 697, 733 (Tex.Crim.App. 1992).

██ In the instant case, the State asked the trial court to exempt its expert on securities law from "the Rule." The trial court exempted the expert with the understanding that the expert would not apply facts from the other witnesses' testimony to the law of securities. Appellant did not object to the limitation.[2] When the State's expert testified, the State twice attempted to ask questions applying the facts of the case to securities law. Appellant objected both times, and his objections were sustained.[3] As a result, no fact-spe-

---

2. Therefore, any complaint appellant has regarding the State's failure to satisfy its burden of showing the expert's presence was essential is waived. *See* Tex.R.App. P. 33.1.

3. Appellant may not complain because he received all the relief he requested, and there was no adverse ruling. *See Henderson*, 617 S.W.2d at 698. The proper method of pursuing an objection until an adverse ruling is to (1) object, (2) request an instruction to disre-

cific testimony was admitted into evidence. We conclude the trial court did not abuse its discretion in allowing the State's expert to be exempt from Texas Rule of Evidence 614, and even if it had, any error was waived. Appellant's second issue is overruled.

The judgment of the trial court is affirmed.

gard, and (3) move for a mistrial. *Arevalo v. State*, 835 S.W.2d 701, 705 (Tex.App.-Houston [14th Dist.] 1992, no pet.).