**Opinion filed November 27, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00316-CR

_____

## JASON SCOTT MAUNEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR37589**

### M E M O R A N D U M   O P I N I O N

The jury convicted Jason Scott Mauney of the offense of theft by repetition. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2013). The trial court assessed punishment at confinement for two years and sentenced Appellant accordingly. We affirm.

## The Charged Offense

The State charged Appellant with the offense of theft by repetition under Section 31.03 of the Penal Code. Section 31.03(a) provides that "[a] person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property." Section 31.03(b)(1) provides that "[a]ppropriation of property is unlawful if . . . it is without the owner's effective consent." An offense under Section 31.03(a) becomes the state jail felony of theft by repetition if "the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft." *Id.* § 31.03(e)(4)(D). In the indictment, the grand jury charged that, on or about March 12, 2010, Appellant "did then and there unlawfully acquire and exercise control over property, to-wit: two rings of the total value of less than $1,500 . . . from William Welch without the consent of William Welch, the owner thereof, and with the intent to deprive the said owner of the said property." The indictment also contained allegations that Appellant had two prior theft convictions. Appellant does not dispute that the State proved the prior convictions at trial or that the total value of the two rings was less than $1,500.

## Issues Presented

Appellant presents five issues on appeal. In his first issue, Appellant challenges the sufficiency of the evidence to support his conviction. Second, Appellant complains that the lack of evidence to support his conviction results in a violation of his due process rights. Third, Appellant complains that the trial court improperly allowed testimony that invaded the province of the jury. Fourth, Appellant complains that a fatal variance existed between the allegations contained in the indictment and the proof at trial. In his final issue, Appellant complains of improper jury argument in the State's closing argument.

*The Evidence at Trial*

James Gee, a general contractor, performed remodeling work on William Welch's house over the course of a few weeks in March 2010. Gee and his crew of five men had access to Welch's house and often worked inside while no one else was home. At the time of the remodeling job, Appellant was a recent hire by Gee and performed painting and trim work inside Welch's house. Appellant sometimes worked alone and unsupervised in various areas of the house, including the master bedroom.

After Gee and his crew completed the remodeling work, Welch's wife noticed that two family heirloom rings—a yellow-gold engagement ring and a man's gold ring—were missing from a dresser drawer inside the master bedroom. Welch contacted Gee about the theft, who suggested that they contact the Midland County Sheriff's Office.

Investigator Kenneth Colston of the Midland County Sheriff's Office was assigned to the case. Investigator Colston ran a check with Leads Online, an online database created for stolen items that have been pawned or sold at pawn shops. Appellant's name appeared with information that he pawned each ring at a different pawn shop in Midland. Investigator Colston testified that, for a person to sell or pawn an item, a pawn shop must obtain valid identification and a signature from that person. Investigator Colston went to both pawn shops and obtained copies of the signature cards that corresponded with the two transactions. According to Investigator Colston, both of the signature cards that he obtained during the investigation were signed in Appellant's name and had the same signatures. As to identification, one of the cards listed Appellant's state-issued identification number, and the other card listed Appellant's state driver's license number. Both signature cards were admitted into evidence at trial, and the jury was able to compare the signatures. In addition, Investigator Colston obtained the

video recording of the transaction that involved the man's gold ring, but the video recording of the transaction that involved the engagement ring was unavailable. Investigator Colston testified that the surveillance video showed Appellant pawning the man's ring. The video was admitted into evidence at trial and published to the jury.

Appellant's defensive theory at trial was that he did not steal the rings; Appellant suggested that his former roommate, Shawn Henderson, was the person who pawned the rings. Appellant's wife, Carolyn Mauney, testified that Henderson had lived with her and Appellant until the end of March 2010 and that Henderson was similar in height and build to Appellant. Carolyn also testified that Appellant had been at work all day when the rings were pawned and that Henderson had shaved off his beard prior to the day that the rings were pawned. A photograph of Henderson was admitted into evidence for the jury's consideration.

*Analysis*

Appellant contends in his first issue that the evidence was insufficient to support his conviction because there was no actual evidence of the alleged theft and because the State offered no handwriting evidence related to Appellant's signatures on the pawn tickets.

We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The jury may make reasonable inferences from the evidence and can rely on both circumstantial and direct evidence in its

4

determination. *Hooper v. State*, 214 S.W.3d 9, 14–16 (Tex. Crim. App. 2007). We defer to the jury's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899.

Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence was sufficient to support Appellant's conviction. The evidence demonstrated that Appellant had access to the rings and the opportunity to take them when he was left alone in Welch's master bedroom to perform remodeling work. Further, the jury could infer from the evidence that Appellant went to two pawn shops and pawned the rings; Appellant's name and state identification number was on the pawn ticket for the yellow-gold engagement ring, and Appellant's name and state driver's license number was on the pawn ticket for the man's gold ring. Although the State did not offer expert handwriting analysis for the comparison of Appellant's signatures on the pawn tickets, the absence of such evidence does not render the evidence insufficient to support Appellant's conviction given that he did not deny under oath that the signatures were his and that there was additional evidence to support an inference that Appellant had stolen the rings. *See* TEX. CODE CRIM. PROC. ANN. art. 38.27 (West 2005). Moreover, surveillance video from one pawn shop showed a person who resembled Appellant pawning the man's gold ring; the jury was permitted to watch the surveillance video to compare the person's appearance with Appellant at trial. Giving proper deference to the jury's factual determinations, we conclude that a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. We overrule Appellant's first issue.

Appellant contends in his second issue that he was denied due process because there was insufficient evidence to support his conviction. This issue is essentially a restatement of Appellant's first issue. We have held that there was

sufficient evidence to support Appellant's conviction; therefore, Appellant was not denied due process. We overrule Appellant's second issue.

Appellant contends in his third issue that the trial court improperly allowed testimony that invaded the province of the jury. Appellant's complaint focuses on the following exchange that occurred on redirect examination of Investigator Colston:

> [PROSECUTOR]: Investigator, does it appear any evidence [sic] that anyone else was involved in the theft and the pawning of these two rings that belonged to Mr. Welch other than the defendant?
>
> [INVESTIGATOR COLSTON]: When I viewed the video and got a copy of it, there was just [Appellant] there.
>
> [PROSECUTOR]: No doubt in your mind that [Appellant] was the same person that signed these pawn tickets and the same person that pawned those rings that were stolen?
>
> [INVESTIGATOR COLSTON]: No doubt in my mind.
>
> [PROSECUTOR]: Thank you, sir. We'll pass the witness.
>
> [DEFENSE COUNSEL]: Your Honor, objection to the last answer and the response. We'll ask the Court to instruct the jury to disregard it. It invades the province of the jury and is an improper comment.
>
> THE COURT: Overruled.
>
> [DEFENSE COUNSEL]: The jury is solely the factfinder in the matter.
>
> THE COURT: Overruled.
>
> [DEFENSE COUNSEL]: It's bolstering and we object.
>
> THE COURT: Overruled.

6

Appellant contends that admission of this testimony invaded the province of the jury and was so unreasonable as to constitute an abuse of discretion by the trial court because its admission falls outside the zone of reasonable disagreement. The State argues, however, that Appellant's objection was insufficient to preserve any error in the admission of this testimony because the objection was made after the prosecution passed the witness and, therefore, was untimely. Even if we assume that Appellant properly preserved error, we find that his third issue lacks merit.

It is well settled that an "invading the province of the jury" objection is no longer recognized as a valid objection. *See Hurst v. State*, 406 S.W.3d 617, 621–23 (Tex. App.—Eastland 2013, no pet.) (citing *Ortiz v. State*, 834 S.W.2d 343, 348 (Tex. Crim. App. 1992)). "The doctrine which prohibited testimony that would invade the province of the jury 'is and has been long dead' as a proposition of law." *Mays v. State*, 563 S.W.2d 260, 263 (Tex. Crim. App. 1978) (quoting *Boyde v. State*, 513 S.W.2d 588, 590 (Tex. Crim. App. 1974)). Although Appellant objected to Investigator Colston's testimony on grounds of bolstering in addition to invading the province of the jury, Appellant does not contend on appeal that the testimony constitutes bolstering. Nevertheless, the admission of the testimony that Appellant complains of was not improper. A lay witness is permitted to testify in the form of an opinion if the opinion or inferences are rationally based on the witness's perceptions and helpful to the clear understanding of the testimony or the determination of a fact in issue. *Fairow v. State*, 943 S.W.2d 895, 898 (Tex. Crim. App. 1997). Here, Investigator Colston was free to answer the question of whether he had any doubt that Appellant was the same person who signed the pawn tickets and pawned the stolen rings because identity was at issue and Investigator Colston's opinion was based on his perceptions when he viewed Appellant's appearance, the surveillance video, and the pawn tickets.

Thus, the trial court did not err when it allowed Investigator Colston to answer the State's question. Appellant's third issue is overruled.

Appellant contends in his fourth issue that a fatal variance existed between the allegations in the indictment and the proof offered at trial. Specifically, Appellant contends that the indictment alleged theft of two rings, but the proof offered at trial, at best, shows theft of one ring.

A variance occurs when there is a difference between the allegations in the charging instrument and the proof at trial. *Gollihar v. State*, 46 S.W.3d 243, 247 (Tex. Crim. App. 2001). In this case, the indictment alleged that Appellant committed theft of two rings, and the charge given to the jury mirrored the language of the indictment. Therefore, Appellant's argument is essentially a challenge to the sufficiency of the evidence to support the jury's finding that Appellant stole two rings rather than one. *See id.* at 246–47 (noting that the Court of Criminal Appeals has "routinely treated variance claims as insufficiency of the evidence problems"). Because we have held that the evidence was sufficient to support the jury's verdict, we conclude that no variance existed between the allegations in the indictment and the proof at trial. We overrule Appellant's fourth issue.

Appellant contends in his fifth issue that, during closing argument, the State improperly told the jury that "clearly" the signatures on the pawn tickets were the same, that there was "absolutely" no evidence to indicate that Appellant was not the same person who pawned the rings, and that the State's evidence was uncontroverted. Appellant also contends that the State improperly commented on Appellant's opportunity and failure to present Appellant's former roommate at trial, who Appellant theorized was the person who pawned the rings.

A prosecutor is permitted to draw reasonable, fair, and legitimate inferences from the evidentiary facts but may not use closing arguments to present evidence

that is outside the record. *Freeman v. State*, 340 S.W.3d 717, 728 (Tex. Crim. App. 2011). Proper jury argument encompasses pleas for law enforcement, a summation of the evidence presented at trial, reasonable deductions from the evidence, and responses to arguments of opposing counsel. *Jackson v. State*, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000). To constitute reversible error, jury argument must be extreme or manifestly improper, or inject new and harmful facts into evidence. *See id.* Here, the State's argument that the signatures on the pawn tickets were the same and that there was no evidence to indicate that Appellant was not the same person who pawned the rings constituted a reasonable deduction from the evidence presented by the State at trial. Likewise, the State's comment on Appellant's failure to present his former roommate at trial merely summarized the state of the evidence and was a reasonable deduction drawn from the evidence. During jury argument, the State is free to comment on the defendant's failure to present evidence in his favor. *See id.* at 674; *Caron v. State*, 162 S.W.3d 614, 618 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Thus, we conclude that the State's remarks during closing argument were not improper. We overrule Appellant's fifth issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

November 27, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.
Willson, J., and Bailey, J.