

# IN THE
# TENTH COURT OF APPEALS

### No. 10-20-00084-CR

**MARCUS DEMOND PARRISH,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

---

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2019-872-C2

---

## MEMORANDUM OPINION

---

In two issues, appellant, Marcus Demond Parrish, challenges his conviction for assault family violence with a prior conviction for a continuous violence against the family and a habitual allegation referencing his prior conviction for unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. § 22.01. Specifically, appellant contends that the trial court erred: (1) by allowing a family-violence expert to observe appellant's testimony over appellant's invocation of "the Rule," *see* TEX. R. EVID. 614; and

(2) by submitting certain testimony to the jury that was requested during deliberations. Because we overrule both of appellant's issues, we affirm.

## I.     "THE RULE"

In his first issue, appellant contends that the trial court erred by excusing a State's witness from "the Rule" because the State did not establish that the witness's presence was essential.  We disagree.

### A.     Applicable Law

Texas Rule of Evidence 614, otherwise referred to as "the Rule," provides for the exclusion of witnesses from the courtroom during trial.  *See id.*  The purpose of Rule 614 is to prevent the testimony of one witness from influencing the testimony of another. *Russell v. State*, 155 S.W.3d 176, 179 (Tex. Crim. App. 2005).  Once Rule 614 is invoked, witnesses are instructed by the trial court that they cannot converse with one another or with any other person about the case, except with permission from the trial court, and the trial court must exclude witnesses from the courtroom during the testimony of other witnesses.  TEX. R. EVID. 614; *see* TEX. CODE CRIM. PROC. ANN. art. 36.06.

However, Rule 614 does not authorize the exclusion of certain witnesses.  *See* TEX. R. EVID. 614.  In criminal cases, those witnesses are,

(1) a defendant who is a natural person, the representative of a defendant who is not a natural person, (2) a person whose presence a party shows to be essential to the presentation of the party's case, and (3) a victim if the court does not determine that the victim's testimony would be materially affected by hearing other testimony.

*Russell*, 155 S.W.3d at 180 (citing TEX. R. EVID. 614). In particular, the Court of Criminal Appeals has held that a trial court is vested with discretion and may permit expert witnesses to be exempt from "the Rule," so they may hear other witnesses testify and then base their opinions on such testimony. *Lewis v. State*, 486 S.W.2d 104, 106 (Tex. Crim. App. 1972); *see Martinez v. State*, 867 S.W.2d 30, 40 (Tex. Crim. App. 1993); *Caron v. State*, 162 S.W.3d 614, 618 (Tex. App.—Houston [14th Dist.] 2005, no pet.). "Under Rule 614, a party has the burden to show that its witness is one of those whose exclusion from the courtroom is not authorized by that Rule." *Russell*, 155 S.W.3d at 180 (citing *Moore v. State*, 882 S.W.2d 844, 848 (Tex. Crim. App. 1994)).

**B.    Discussion**

Prior to appellant's testimony during the guilt-innocence phase of trial, appellant objected to the presence of Detective Michelle Starr of the Waco Police Department in the courtroom during his testimony, arguing that she is a fact witness in the case because she was the detective on the case, and because she drafted and signed the arrest-warrant affidavit. The State responded that Detective Starr had been designated as an expert in Assault Family Violence and that her presence was necessary to "observe the way [appellant] answers the questions and—and the way he behaves in the courtroom to be able to testify to that," especially with regard to relationships between "assault family violence victims and perpetrators."

As noted above, the Court of Criminal Appeals has held that the trial court is vested with discretion and may permit expert witnesses to be exempt from "the Rule" so they may hear other witnesses testify and then base their opinions on such testimony. *See Martinez*, 867 S.W.2d at 40; *Lewis*, 486 S.W.2d at 106; *see also Caron*, 162 S.W.3d at 618. Therefore, in line with these cases, we find no abuse of discretion.[1] The purpose articulated by the State regarding Detective Starr's testimony—allowing a domestic violence expert to take appellant's testimony into account when offering her opinion— falls within the exemptions provided for in the rule. *See* TEX. R. EVID. 614; *see also Martinez*, 867 S.W.2d at 39-40; *Lewis*, 486 S.W.2d at 106; *Caron*, 162 S.W.3d at 618; *see also Garcia v. State,* No. 01-17-00171-CR, 2018 Tex. App. LEXIS 1184, at **15-16 (Tex. App.—Houston [1st Dist.] Feb. 13, 2018, pet. ref'd) (mem. op., not designated for publication)[2]; *Gonzales v.*

---

[1] We also note that appellant seeks to reverse his conviction based on this issue; however, the record reflects that the State never called Detective Starr as a rebuttal witness. Rather, Detective Starr was called to testify at punishment. Therefore, even if the trial court abused its discretion by allowing Detective Starr to remain in the courtroom over appellant's invocation of "the Rule," the relief sought could not be granted based on this record.

[2] In fact, the fact scenario in this case is substantially similar to that in *Garcia v. State*, No. 01-17-00171-CR, 2018 Tex. App. LEXIS 1184, at **15-16 (Tex. App.—Houston [1st Dist.] Feb. 13, 2018, pet. ref'd) (mem. op., not designated for publication), where the First Court of Appeals found no abuse of discretion where the State argued the following regarding appellant's attempt to exclude a State's witness from the courtroom under Rule 614:

> Your Honor, the State's here to put on the record that we would like to have our expert witness, Kapriva Hutchinson, present during the complainant's testimony. She is testifying as an expert in domestic violence, and we just ask that she be able to be present to listen to the testimony so that it can—she can take that into consideration when she puts forth her expert testimony.

In her testimony, Hutchinson explained that she had met with the complainant three weeks after the incident and observed the complainant's trial testimony. *Id.* at **5-6. Hutchinson then described how

*State*, Nos. 03-13-00333-CR & 03-13-00334-CR, 2015 Tex. App. LEXIS 5869, at *6 (Tex. App.—Austin June 11, 2015, no pet.) (mem. op., not designated for publication) ("We believe the purpose articulated by the State—providing expert testimony based upon observations of the children's testimony to explain exhibited behaviors not readily understood by those not familiar with the dynamics of child sexual abuse—is consistent with the exception provided for in the Rule.").  As such, we overrule appellant's first issue.

## II. THE JURY'S REQUESTS FOR TESTIMONY

In his second issue, appellant argues that the trial court erred by providing the jury with a partial transcript of testimony where the jury did not specifically state they had a disagreement about the testimony.  *See* TEX. CODE CRIM. PROC. ANN. art. 36.28.

### A. Applicable Law

Article 36.28 of the Code of Criminal Procedure provides, in relevant part, that:

> In the trial of a criminal case in a court of record, if the jury disagrees as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute. . . .

*Id.*  If the trial court determines that the jury's request is proper under article 36.28, the trial court must then interpret the request and decide which portions of the testimony will best answer the request.  *Brown v. State*, 870 S.W.2d 53, 55 (Tex. Crim. App. 1994).

---

victims of domestic violence may minimize, normalize, or deny the violence to cope with it, which may serve as an explanation for why the complainant recanted.  *Id.* at *6.

We will not disturb a trial judge's decision under article 36.28 unless a clear abuse of discretion and harm are shown. *Id.*

**B.      Discussion**

In the instant case, the jury sent multiple notes to the trial judge. In one note, the forewoman of the jury requested, "Transcripts of Susie [the complainant] on the stand." Thereafter, the trial judge sent the following instruction:

Ladies and Gentleman of the Jury:

. . .

With reference to your request, you are instructed that the law does not permit a general re-reading of the testimony of any witness or witnesses, and in this connection you are instructed that the law in this regard provides as follows:

In the Trial of any criminal case in any District Court of this State if the jury disagrees as to the statement of any witness, they may, upon applying to the Court, have read to them from the court reporter's notes that part of such witness' testimony on the particular point in dispute, and no other.

Unless the jury has disagreed upon some part of the testimony under the above law, you are not entitled to have any of the testimony re-read, but if you have disagreed upon any point or points in the testimony, you will so state to the Court in writing, and point out in writing the point or points upon which you have disagreed, then the Court will have the court reporter read back to you only the testimony on the point or points in dispute, and no other, as best such testimony can be selected from the recorded testimony.

In the event you should state to the Court that you have disagreed as to the testimony of the witness or witnesses referred to above on any point or points, and request that the testimony be read back on any point

or points, you are instructed that the court reporter will need sufficient time to examine all of the testimony of the witness or witnesses in order to get all of the testimony on the point or points concerning your inquiry and it will take the court report as long to read the testimony back as it did to put it on, and in the event you ask for such testimony the Court will request you to be patient, and allow sufficient time for this to be done in order for you to get the matters you have requested.

In response to the trial court's instruction, the forewoman of the jury sent another note requesting: "Transcript from when Suzie [sic] says she was hurt or felt pain."

As shown above, the jury initially made a general request for the complainant's testimony, which, by itself, was insufficient to reflect a dispute. *See* TEX. CODE CRIM. PROC. ANN. art. 36.28; *see also Moore v. State*, 874 S.W.2d 671, 673 (Tex. Crim. App. 1994) ("A simple request for testimony does not, by itself, reflect disagreement, implicit or express, and is not a proper request under Art. 36.28." (internal citations omitted)). However, after the trial judge instructed the jury that the testimony would be read back only in the event of a dispute, the jury provided a more specific request. Similar to *Robison v. State*, when the jury's notes are read together with the corresponding instructions from the trial court, we cannot say that the trial court abused its discretion by inferring a dispute as to the complainant's testimony, as this dispute has a basis other than mere speculation. *See Robison v. State*, 888 S.W.2d 473, 481 (Tex. Crim. App. 1994) (holding that the trial court was "properly cautious in observing the competing concerns of article 36.28 of the Texas Code of Criminal Procedure" where "there were three separate requests made by the jury in determining whether a dispute existed, each becoming increasingly narrow in scope"

and the trial court "clearly informed the jury that testimony would be read back only in the event of a dispute after each request for information"); *see also* TEX. CODE CRIM. PROC. ANN. art. 36.28; *Howell v. State*, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005) ("Although a simple request for testimony is insufficient to reflect a dispute, a trial judge may, in its discretion, infer a dispute in a given case.  The judge's inference of dispute need only have some basis other than mere speculation.").  We therefore overrule appellant's second issue.

### III.    CONCLUSION

We affirm the judgment of the trial court.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
       Justice Neill,
       and Senior Justice Scoggins[3]
Affirmed
Opinion delivered and filed February 17, 2021
Do not publish
[CRPM]



---

[3] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.