

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00294-CR

———————————————

RYAN DELGADO, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1513165D

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

## I. Introduction

A jury found Appellant Ryan Delgado guilty of aggravated robbery with a deadly weapon. *See generally* Tex. Penal Code Ann. § 29.03. The jury assessed Delgado's punishment at nineteen years' imprisonment, and the trial court sentenced him in accordance with the jury's assessment. On appeal, Delgado raises two issues, arguing (1) that it was reversible error to allow evidence of two extraneous robberies in a trial for aggravated robbery and (2) that the two additional acts of robbery, which allegedly occurred within a five-hour time frame of the main offense, were not contextual to the offense of aggravated robbery for which he was on trial. The State argues that Delgado's issues were not preserved by his objection at trial because the objection was not made on the same basis on which he now appeals. Because we hold that Delgado failed to preserve his arguments for our review, we affirm the trial court's judgment.

## II. Background

Delgado was arrested and tried for the aggravated robbery of Bobbie Davis, a deaf man who was eighty-four years old at the time of the trial. Delgado was allegedly involved in two other robberies that occurred shortly before and after the aggravated robbery in this case. Before trial, Delgado objected to the introduction of evidence related to the other robberies. Specifically, Delgado stated,

Your Honor, I do object to the State['s] being allowed to go into these extraneous acts -- excuse me -- one of which is alleged to have occurred prior to the primary offense, and it is uncharged. The other of which is alleged to have occurred shortly after the primary offense, and they intend to proceed on that without carrying that case along with the primary. And so, arguably, I guess they could prosecute him later for that.

They've charged him with it, and I'm concerned about punishment issues if he's convicted of that as well in addition to this case. I mean, if they're going to bring it in, why don't they carry them together[,] and that way the punishment runs concurrent?

The trial court overruled Delgado's objection on the basis that "those two extraneous offenses [we]re contextual with the cause number that [they were] proceeding on" and thus allowed the State to introduce evidence of them throughout Delgado's trial.

### III. Analysis

In the argument section of Delgado's brief, he combines his two issues, arguing that the "EVIDENCE PERTAINING TO 2 UNCHARGED[1] ROBBERIES WAS NOT 'SAME TRANSACTION, CONTEXTUAL EVIDENCE' AND [THAT] THE ADMISSION OF SUCH EVIDENCE CONSTITUTES REVERSIBLE ERROR." Specifically, Delgado argues that the charged offense was a "discrete act wholly independent of" the other robberies and that evidence of the other two robberies should not have been admitted under Texas Rule of Evidence 404(b) as

---

[1]Although Delgado describes the two robberies as "uncharged," the record demonstrates that only one of the two robberies was uncharged.

3

same transaction, contextual evidence.[2]  Before we consider Delgado's combined argument on its merits, we must first determine whether his argument was preserved at trial.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling.  Tex. R. App. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021).  Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule.  Tex. R. App. P. 33.1(a)(2); *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020).

An objection preserves only the specific ground cited.  Tex. R. App. P. 33.1(a)(1)(A); Tex. R. Evid. 103(a)(1)(B); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g); *see also Fierro v. State*, 706 S.W.2d 310, 317–18 (Tex.

---

[2]Texas Rule of Evidence 404(b) states,

**(1) *Prohibited Uses.*** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

**(2) *Permitted Uses; Notice in Criminal Case.*** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  On timely request by a defendant in a criminal case, the prosecutor must provide reasonable notice before trial that the prosecution intends to introduce such evidence—*other than that arising in the same transaction*—in its case-in-chief.

Tex. R. Evid. 404(b) (emphasis added).

4

Crim. App. 1986) (holding that general objection is insufficient to apprise trial court of complaint urged and thus preserves nothing for review). A general or imprecise objection suffices to preserve error only if the objection's legal basis is obvious to the trial court and opposing counsel. *Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009); *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006). We determine whether the specific grounds for the objection were apparent from the objection's context by looking at each situation individually. *Heidelberg v. State*, 144 S.W.3d 535, 538 (Tex. Crim. App. 2004). While no "hyper-technical or formalistic use of words or phrases" is required in order for an objection to preserve an error, the objecting party must still "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (quoting *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009)).

As set forth above, Delgado objected to the admission of evidence regarding two extraneous robberies, one charged and one uncharged. Delgado's objection can best be characterized as a request for the trial court to join the trials on the charged robbery and the aggravated robbery, paired with a general objection to the admission of the evidence as to the uncharged robbery. While Delgado was not required to identify the rule of evidence on which his objection was based, his objection preserved only the specific grounds cited. *See Rivas v. State*, 275 S.W.3d 880, 887 (Tex.

5

Crim. App. 2009); *see also* Tex. R. App. P. 33.1(a)(1)(A); Tex. R. Evid. 103(a)(1)(B); *Mosley*, 983 S.W.2d at 265. Delgado's imprecise objection sufficed to preserve only the grounds that were obvious to the trial court and opposing counsel. *See Resendez*, 306 S.W.3d at 313. Accordingly, to determine whether the specific grounds for the objection were apparent from the objection's context, we look at this situation individually. *See Heidelberg*, 144 S.W.3d at 538.

Delgado argued in the trial court that evidence of the charged extraneous robbery should not be admitted in the aggravated-robbery trial because he was "concerned about punishment issues if he [were] convicted of [the charged extraneous robbery] in addition to this case." The trial court overruled Delgado's objection on the basis that the extraneous robberies "[we]re contextual with the cause number that [they were] proceeding on." Following the trial court's ruling, Delgado did not object to the trial court's ruling or dispute the admission of the evidence on the ground that the robberies were not contextual. In fact, as Delgado acknowledges in his brief, there is no discussion in the record, other than the trial court's ruling, as to whether the evidence was admissible under Rule 404(b) as same transaction, contextual evidence. Due to Delgado's failure to object to the trial court's ruling and the lack of any other discussion on the matter, the trial court could not have inferred that Delgado intended his objection to the charged robbery and the uncharged robbery to be an objection that the two robberies did not constitute same transaction, contextual evidence. *See generally Tran v. State*, No. 74040, 2003 WL 1799013, at *5

6

(Tex. Crim. App. Apr. 2, 2003) (not designated for publication) (holding that appellant failed to preserve error for review when he did not object to trial court's ruling and noting that even constitutional error may be waived on appeal if not preserved by objection); *Caron v. State*, 162 S.W.3d 614, 618–19 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that error was not preserved because defendant did not object to trial court's ruling about "the Rule"). Therefore, because Delgado did not object to the trial court's ruling, or to the use of such evidence throughout the trial,[3] Delgado failed to preserve for review the argument that he raises on appeal.[4]

Accordingly, we overrule both of Delgado's issues, which were encompassed within his sole argument on appeal.

---

[3]We note that even if we concluded that Delgado's general objection encompassed an objection that the extraneous-offense evidence did not constitute same transaction, contextual evidence, Delgado failed to obtain a running objection or object each time the objectionable evidence was offered. *See Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003); *Ethington v. State*, 819 S.W.2d 854, 858–59 (Tex. Crim. App. 1991). Therefore, assuming arguendo that Delgado initially preserved error, his subsequent failure to object to the use of the evidence—which was mentioned from the State's opening statement through closing arguments—constitutes forfeiture of that error. *See Geuder*, 115 S.W.3d at 13; *Ethington*, 819 S.W.2d at 858–59.

[4]Furthermore, we note that while Delgado's summary of the argument dedicates one sentence to mentioning that there was no discussion of whether the extraneous robberies were relevant or prejudicial, Delgado similarly failed to present that argument to the trial court. *See* Tex. R. App. P. 33.1(a)(1)(A).

## IV. Conclusion

Having overruled Delgado's two issues, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 17, 2022

8