

# IN THE
# TENTH COURT OF APPEALS

### No. 10-24-00038-CR

**ANCELMO RODRIQUEZ BANDA,**

                                             **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                             **Appellee**

---

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2020-1080-C1

---

## MEMORANDUM OPINION

---

Following a jury trial, Ancelmo Rodriquez Banda was convicted of one count of continuous sexual abuse of a young child and two counts of indecency with a child by contact. *See* TEX. PENAL CODE ANN. §§ 21.02, 21.11(a)(1). Punishment was assessed at Life in prison for continuous sexual abuse of a young child and at twenty years in prison for each count of indecency with a child by contact, to run concurrently. *See id.* at §§ 21.02(h), 21.11(d). In four issues on appeal, Banda challenges the sufficiency of the evidence

supporting each of his convictions and argues that the trial court abused its discretion by excusing the State's expert witness from compliance with Rule 614 of the Texas Rules of Evidence. *See* TEX. R. EVID. 614. We affirm.

## Background

Ten-year-old B.R. and her older brother, S.R., spent almost every weekend with their grandmother and her husband, Banda, at their home. Typically, S.R. and his grandmother would go shopping for a few hours while B.R. stayed at home with Banda. However, on June 16, 2020, S.R. and his grandmother returned to the home within twenty minutes of their departure. When S.R. walked into the house, he observed Banda in the hallway. Banda was not wearing any pants or underwear. Attempting to cover himself with the pants in his hand, Banda went into the master bedroom. Approximately five minutes later, B.R. walked into the hallway. Her hair was disheveled and it appeared that she had been crying. S.R. later reported to his mother what he had seen. B.R.'s mother and father subsequently questioned her, and B.R. outcried to multiple instances of sexual abuse by Banda.

## Sufficiency of the Evidence

In issues one, two, and three, Banda alleges that the evidence is insufficient to support all three of his convictions based on the following assertions: B.R. did not provide "clear, articulate evidence of the acts" committed by Banda, B.R.'s testimony was not

corroborated by additional evidence, and B.R.'s parents influenced her to falsely outcry so they could obtain legal immigration status. We disagree.

STANDARD OF REVIEW

The Court of Criminal Appeals has expressed our standard of review of sufficiency issues as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

ANALYSIS

A person commits the offense of continuous sexual abuse of a young child if, during a period that is thirty or more days in duration, he commits two or more "acts of sexual abuse" and, at the time of the commission of each act, he is at least seventeen years of age and the victim is younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 21.02(b). Relevant here, an "act of sexual abuse" as charged in the indictment includes the following acts from on or about November 2, 2017 through June 16, 2020: Banda causing B.R.'s sexual organ, mouth, and/or anus to contact his sexual organ; Banda causing B.R.'s sexual organ to contact his mouth; Banda penetrating B.R.'s sexual organ with his finger; and, Banda touching B.R.'s genitals with his hand. *See id*. at § 21.02(c)(2), (c)(4); § 21.11(a)(1), (c)(1); § 22.021(a)(1)(B), (a)(2)(B). To support a conviction for continuous sexual abuse of a young child, the jury is not required to agree on which specific acts of sexual abuse were committed by the defendant or the dates on which they

occurred; however, the jury must unanimously agree that the defendant committed two or more acts of sexual abuse over a period of thirty days or more. *Id*. § 21.02(b)(1), (d).

Banda was alleged to have committed the offense of indecency with a child by contact on or about December 25, 2019 by touching B.R.'s breast with his hand (count two) and with his mouth (count three). *Id.* at § 21.11(a)(1), (c)(1).

B.R., who was fourteen years old at the time of trial, testified that she believed Banda began touching her when she was in approximately the first grade. She explained that Banda would touch her "mostly every weekend" when she and S.R. would visit. She testified that she was in the fourth grade on the last occasion that Banda sexually abused her, which occurred on the day that S.R. saw Banda half-dressed in the hallway. The first specific instance of sexual abuse B.R. could recall involved Banda touching her breasts with his hands over her clothes. B.R. described seeing Banda naked for the first time the following weekend, when he told her to undress and rubbed his penis around her vagina. She explained that Banda would touch her breasts with his hands and his mouth almost every weekend and that Banda would touch her vagina with either his fingers or his penis every time he would abuse her. B.R. testified that Banda put his fingers inside of her vagina "[n]ow and then" and also tried to put his penis inside of her vagina, which she indicated was painful and occurred on more than one occasion. One time, B.R. described Banda twisting her onto her stomach and attempting to put his penis inside of her anus. B.R. further testified that Banda would make her put her mouth on his penis and perform

oral sex on him occasionally. She described Banda ejaculating into his hand afterward and making her use Nivea cream around her mouth. B.R. further explained that Banda would sometimes put his tongue inside of her vagina. Finally, B.R. testified that Banda had put his mouth on her vagina and rubbed his penis around her vagina on the day that S.R. observed Banda wearing no pants in the hallway.

The testimony of a child victim, standing alone and without corroboration, is sufficient to support a conviction for continuous sexual abuse of a young child and indecency with a child. TEX. CODE CRIM. PROC. ANN. § 38.07. B.R.'s testimony alone was sufficient to support each of Banda's convictions; however, contrary to Banda's contention, her testimony was corroborated by additional evidence. For example, S.R.'s testimony at trial corroborated that he and B.R. would visit their grandmother almost every weekend and that B.R. would often be left alone with Banda at the house. He described his experience on June 16, 2020, when he observed Banda in the hallway wearing only his shirt and observed B.R. looking disheveled and upset. Additionally, B.R. testified that Banda kept pornographic disks in his Suburban, which he would watch with B.R. and then make her perform the acts they observed. Law enforcement officers obtained a search warrant and located two pornographic DVDs in Banda's Suburban. In their search of Banda's home, law enforcement also located two containers of the Nivea lotion described by B.R.

Finally, Banda claims the evidence is insufficient to support his convictions because B.R.'s parents "interrogated" her and influenced her outcry by discussing a television program with her that involved sexual abuse. He also points to evidence presented at trial supporting his theory that B.R.'s mother and father had a motive to encourage B.R. to make a false outcry so they could apply for a U-Visa to obtain legal immigration status. However, these defensive theories were advanced at trial by defense counsel, and the jury implicitly rejected these theories by its verdicts. We defer to jury's resolution of conflicts in the evidence. *See Merritt*, 368 S.W.3d at 525.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Banda committed the offenses of continuous sexual abuse of a young child as alleged in count one and indecency with a child by contact as alleged in counts two and three. *See* TEX. PENAL CODE ANN. §§ 21.02, 21.11(a)(1); *Zuniga*, 551 S.W.3d at 732-33.

Accordingly, we overrule Banda's first, second, and third issues.

### Dr. Carter's Testimony

In his fourth issue, Banda asserts that the trial court abused its discretion by excusing the State's expert witness from compliance with Rule 614 of the Texas Rules of Evidence because the State did not establish that the witness's presence in the courtroom was essential to the presentation of the State's case. *See* TEX. R. EVID. 614. We disagree.

Texas Rule of Evidence 614, commonly referred to as "the Rule," provides for the exclusion of witnesses from the courtroom during trial. *Id.* The purpose of Rule 614 is to prevent the testimony of one witness from influencing the testimony of another. *Russell v. State*, 155 S.W.3d 176, 179 (Tex. Crim. App. 2005). Once Rule 614 is invoked, witnesses are instructed by the trial court that they may not converse with one another or with any other person about the case, except with permission from the court, and the trial court must exclude witnesses from the courtroom during the testimony of other witnesses. TEX. R. EVID. 614; *see* TEX. CODE CRIM. PROC. ANN. art. 36.06.

However, Rule 614 does not authorize exclusion of certain witnesses. *See* TEX. R. EVID. 614. In criminal cases, those witnesses are

> (1) a defendant who is a natural person, the representative of a defendant that is not a natural person, (2) a person whose presence a party shows to be essential to the presentation of the party's case, and (3) a victim if the court does not determine that the victim's testimony would be materially affected by hearing other testimony.

*Russell*, 155 S.W.3d at 180 (citing TEX. R. EVID. 614). In particular, the Court of Criminal Appeals has held that a trial court is vested with discretion and may permit expert witnesses to be exempt from the Rule so they may hear other witnesses testify and then base their opinions on such testimony. *Lewis v. State*, 486 S.W.2d 104, 106 (Tex. Crim. App. 1972); *see Martinez v. State*, 867 S.W.2d 30, 40 (Tex. Crim. App. 1993); *Caron v. State*, 162 S.W.3d 614, 618 (Tex. App.—Houston [14th Dist.] 2005, no pet.). "Under Rule 614, a party

has the burden to show that its witness is one of those whose exclusion from the courtroom is not authorized by that Rule." *Russell*, 155 S.W.3d at 180 (citing *Moore v. State*, 882 S.W.2d 844, 848 (Tex. Crim. App. 1994)).

ANALYSIS

Prior to opening statements, defense counsel invoked the Rule and objected to the trial court excusing the State's expert witness in the field of psychology, Dr. William Carter, from compliance. Defense counsel argued that Dr. Carter's presence in the courtroom was not essential to his expected testimony and noted concern with "questions that would go whether to be - - whether the witness is being truthful or not" based on his in-trial observations. When the trial court indicated that Dr. Carter could permissibly educate the jury regarding "normal behavior" in this type of a case, the State responded:

> Your Honor, I think that is relevant to this case and relevant to how he educates the jury, depending on how she reacts on the stand and how the family reacts. That all goes toward what we're going to talk about, about testifying and how kids present themselves during testimony. I think that's all relevant in this case and an area that obviously Dr. Carter is an expert in and has testified to many times before.

The trial court overruled defense counsel's objection.

On appeal, Banda argues that the State failed to demonstrate that Dr. Carter's presence in the courtroom was essential because any opinion Dr. Carter may have offered based on his observations from B.R.'s in-trial testimony would be an improper comment on B.R.'s truthfulness. However, as noted above, the Court of Criminal Appeals has held that the trial court is vested with discretion and may permit expert witnesses to be

exempt from the Rule so they may hear other witnesses testify and then base their opinions on such testimony. *See Martinez*, 867 S.W.2d at 40; *Lewis*, 486 S.W.2d at 106; *see also Caron*, 162 S.W.3d at 618. Considering this line of cases, we hold that the trial court's exemption of Dr. Carter from the Rule does not amount to an abuse of discretion. The purpose articulated by the State regarding Dr. Carter's testimony – allowing a psychology expert to take into account the testimony of B.R. and her family when offering his opinions – falls within the exemptions provided by the Rule. *See* TEX. R. EVID. 614; *see also Martinez*, 867 S.W.2d at 39-40; *Lewis*, 486 S.W.2d at 106; *Caron*, 162 S.W.3d at 618; *see also Gonzales v. State*, Nos. 03-13-00333-CR & 03-13-00334-CR, 2015 Tex. App. LEXIS 5869, at *6 (Tex. App.—Austin June 11, 2015, no pet.) (mem. op., not designated for publication) ("We believe the purpose articulated by the State—providing expert testimony based upon observations of the children's testimony to explain exhibited behaviors not readily understood by those not familiar with the dynamics of child sexual abuse—is consistent with the exception provided for in the Rule.").

Accordingly, we overrule appellant's fourth issue.

## Conclusion

Having overruled all of Banda's issues on appeal, we affirm the judgments of the trial court.

STEVE SMITH

Justice

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Rose[1]

Affirmed

Opinion delivered and filed January 9, 2025

Do not publish

[CRPM]



---

[1] The Honorable Jeff Rose, Senior Chief Justice (Retired) of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.